

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

HASSAN W. FREEMAN,                      :

      Plaintiff,                            :

      vs.                                   :          CIVIL ACTION NO.: CV605-072

GLENN RICH, Warden;                     :
R. D. COLLINS, Deputy Warden;           :
JOHN PAUL, Deputy Warden;               :
Lt. BYRD; Sgt. JASON D. BURNS;          :
Officer PARKER, and Officer MOBLEY,     :

      Defendants.                           :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in

Reidsville, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his

confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia.

Defendants Paul, Parker, Simmons, Mobley (identified in the Motion as "Hobley"), Collins,

Rich, Byrd, and Burns ("Defendants") filed Motions to Dismiss[1], which the Court has

construed as Motions for Summary Judgment.[2] Plaintiff has responded. Defendants filed

a Reply. For the reasons which follow, Defendants' Motions should be **GRANTED**.

---

[1] Defendants Paul, Parker, Simmons, Mobley, and Collins filed a Motion to Dismiss, and Defendants Rich, Byrd, and Burns each filed a Motion adopting the Motion filed by these Defendants. Defendants Paul, Parker, Simmons, Mobley, and Collins also filed a Reply. Plaintiff has responded to these Motions.

[2] If a motion to dismiss for failure to state a claim upon which relief may be granted is filed pursuant to FED. R. CIV. P. 12(b)(6) and "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). Plaintiff filed affidavits outside of the pleadings in this case, and the Court did not exclude these affidavits. (Doc. No. 17.)

AO 72A
(Rev. 8/82)

719d1639b8fac745

## STATEMENT OF THE CASE

Plaintiff, through counsel, contends that he was "brutally beaten, kicked, and repeatedly brutalized about his head, face, and body by Defendant Lieutenant Byrd and Defendant Sergeant Burns at Rogers State Prison." (Compl., ¶ 6.) Plaintiff also contends that Defendant Parker, an officer at GSP, beat him after Defendants Burns or Byrd told Parker "to get the Plaintiff" after he was transferred to GSP. (Id.) Plaintiff further contends that Defendant Mobley threatened Plaintiff and told him not to say anything about the assaults. Plaintiff asserts that he was unable to file a grievance because he was threatened not to mention the beatings and was terrified that he would be beaten again if he filed a grievance.   Plaintiff avers that Defendants Rich and Collins, who were the Warden and Deputy Warden at Rogers State Prison, knew of and condoned the assaults of inmates by officers at Rogers State Prison and were deliberately indifferent to his safety.

Defendants contend that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, *et seq.*, and the Georgia Constitution. Defendants also contend that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c), Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a

2

AO 72A
(Rev. 8/82)

rational trier of fact to find in favor of the nonmoving party.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).  The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact.  Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.  Id.  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.  Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts.  Section 1997e(a) provides:

3

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Defendants allege that the Georgia Department of Corrections adopted a three-step grievance process. The first step required an inmate to file an informal grievance, and these forms were available in the prison control rooms and from a counselor or officer on duty for those inmates in the Special Management Unit. If dissatisfied with the Warden's response to the informal grievance, an inmate could file a formal grievance. If the inmate were still dissatisfied with the response, he could file an appeal with the Central Office. Defendants assert that Plaintiff admits that he did not exhaust his administrative remedies. Defendants also assert that Plaintiff's allegation of fear of retaliation, without more, is insufficient to "obfuscate the exhaustion requirement." (Doc. No. 4, p. 18.)

4

AO 72A
(Rev. 8/82)

Plaintiff alleges that he was again assaulted upon his arrival at GSP and was threatened with further assaults if he told anyone about the assaults. Plaintiff also alleges that it was "common knowledge" that, if an inmate filed a grievance about being beaten, Defendants Rich and Collins would ignore it and that the inmate would be beaten again. Plaintiff avers that he did not file a grievance because he feared he would be beaten again.

Defendants assert that, even if what Plaintiff alleges is true, this does not excuse his failure to exhaust his administrative remedies. Defendants contend that Plaintiff could have filed an emergency grievance, and necessary action would have been taken to protect Plaintiff while the matter was investigated. Defendants also contend that Plaintiff could have filed an out-of-time grievance once he was transferred to GSP and that the grievance form provided a space for an inmate to explain his tardiness in filing a grievance. (Doc. No. 16, p. 2.) Defendants assert that Plaintiff has demonstrated "a willingness and ability" to file grievances at his current institution because he has filed a grievance while there.

Sarah Draper, the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections, provided affidavits in support of Defendants' Motions. In her affidavits, Draper states that the Georgia Department of Corrections had a grievance procedure in place which was available to all inmates. An inmate could file an informal grievance, and, if the inmate were dissatisfied with the resolution of the informal grievance, he could file a formal grievance. If the inmate were dissatisfied with the resolution of his formal grievance, he could file an appeal with the Central Office. (Doc. No. 4, Draper Aff., ¶¶ 8-12.) Draper also states that Plaintiff did not file a grievance in which he asserted that he was assaulted by officers at Rogers State Prison in September 2004. (Id. at ¶ 13.)

5

Draper declares that Plaintiff has filed only one grievance during his incarceration, and this was in June 2005 regarding an alleged error in his store account. (Id. at ¶ 14.) Draper also declares that an inmate could file an emergency grievance if he felt threatened by another inmate or the prison staff. If the grievance fit within the definition of "emergency", necessary action was taken to protect the inmate; if the grievance did not fit within the definition of "emergency", an inmate was permitted to file an out-of-time informal grievance. Draper states that an inmate was allowed to file out-of-time grievances for "good cause" shown and that an inmate could also file an untimely grievance pertaining to events at one facility after he was transferred to another facility. (Doc. No. 16, Ex. 1, ¶¶ 13-14.)

A review of Plaintiff's "Inmate Grievance History" shows that he filed a grievance in 2005. (Doc. No. 16, Ex. 2.)   An exhibit Plaintiff filed reveals that Plaintiff did not file a grievance while he was incarcerated at Rogers State Prison.  Plaintiff asserts that he did not file a grievance because he feared being beaten again and that Defendant Rich would ignore the grievance. (Doc. No. 17, Att. 1, ¶ 4.) Nothing before the Court indicates that Plaintiff filed an emergency grievance, that he attempted to show prison officials good cause to excuse the untimely filing of a grievance pertaining to the alleged assault, or that he attempted to file an out-of-time grievance pertaining to the alleged assault after he was transferred to GSP.  These were (and still appear to be) two administrative remedies available to him. Thus, it appears that Plaintiff failed to exhaust his available administrative remedies pertaining to the alleged assault in September 2004 prior to filing his Complaint.

It is unnecessary to address the remaining grounds of Defendants' Motions.

6

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motions filed by Defendants Paul, Parker, Simmons, Mobley, Collins, Rich, Byrd, and Burns (Doc. Nos. 3, 5, 8, and 23) be **GRANTED**, and that Plaintiff's Complaint be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this _12th_ day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev. 8/82)